## W. H. HOLLOMON, et. al., *v.* W. HOLLOMON.

The character and effect of a deed to slaves, made in Alabama, must be construed by the laws of that State although the parties afterwards remove to Louisiana.

II. in consideration of love and affection, and the further consideration of one dollar, the receipt of which he acknowledged, did give and grant with warranty, to W. H., (his son) and his heirs and assigns " at the death of H. and the wife of H " certain slaves. *Held:* That by laws of Alabama this was a deed of gift to the son with the reservation of a life estate in the slaves to H. and his wife.

APPEAL from the District Court of Bienville, *Egan, J.*

*Watkins* for plaintiff and appellant. *McGuire & Ray,* for defendant.

COLE, J. The plaintiffs brought this suit as heirs of their father *Bunel Hollomon;* alledging that *Bunel Holloman* and this defendant *William Hollomon,* were the only children of *Harmon Hollomon.*

HOLLOMON
v.
HOLLOMON.

That their father, *Bunel Hollomon*, died before their grandfather *Harmon Hollomon*, who died in this State just prior to the institution of this suit.

They claim as forced heirs, one-half of the property left by their grandfather *Harmon Hollomon*, who died intestate.

They sue for a partition and for one-half of eighty acres of land and four slaves, and one-half of the hire of said slaves from the death of *Harmon Hollomon*.

The defendant sets up title to said slaves under a deed of gift from *Harmon Hollomon*, bearing date 26th of December, 1839. The deed of gift is as follows:

"THE STATE OF ALABAMA,
                                        Pike County."

"Know all men by these presents, that I, *Harmon Hollomon*, of the State and County aforesaid, for and in consideration of the natural love and affection which I have," or bear toward my son, *William Hollomon*, of the State and County aforesaid, as well as for the further consideration of one dollar to me in hand paid by the said *William Hollomon*, at or before the sealing and delivery of these presents, the receipt whereof I do hereby acknowledge, have given and granted, and by these presents do give and grant unto the said *William Hollomon*, his heirs and assigns at my death, and my wife, *Jane Hollomon's* death, the following described negroes, namely, to wit: Rachel, a woman about thirty-five years of age; Jem, a boy about eight years old; Willis, a boy about five years old; Jacob, a boy about three years old, and Claiborne, a boy about one year old. To have and to hold the above named negroes unto him, the said *William Hollomon*, his heirs and assigns, forever, and I, the said *Hollomon*, my heirs, executors, administrators and assigns, to warrant unto the said *William Hollomon*, his heirs and assigns, the said title of said negroes before named against the claim of myself, my heirs and assignees, after my death, and after the death of my wife, *Jane Hollomon*, as aforesaid, and against the claims of all and every person or persons whatsoever, I will warrant and defend by these presents.

In witness whereof, I have hereunto set my hand, and affixed my seal, in presence of these witnesses, this 26th day of December, in the year of our Lord, 1839.

[Signed].                                           his
                              HARMON ⋈ HOLLOMON,   [L.S.]
                                                  mark.
[Signed]
    " A. C. TOWNSEND, J. P.
    SILAS B. TOWNSEND."

                                        STATE OF ALABAMA,   }
                                            Pike County.    }

" I, Andrew C. Townsend, an acting Justice of the Peace for said County, do hereby certify, that on the 26th day of December, 1839, *Harmon Hollomon* personally appeared before me, and acknowledged the foregoing instrument to be his voluntary act and deed.

Given under my hand and seal, this 26th day of December, 1839.
    [Signed]
                              A. C. TOWNSEND, J. P.   [L.S.]
" Recorded in Book B. pages 113, and 114, January 13, 1840."
    [Signed]
                              JNO. D. CUTTS, Clerk County Court.

It was agreed by the parties in the lower court, that the said instrument may be used in evidence as genuine, and it is admitted as such.

There was a consent judgment rendered during the progress of this cause, by which plaintiffs recovered of defendant one hundred dollars in full satisfaction of their interest in the land sued for, and this decree was made without prejudice to the rights of plaintiffs to prosecute their claims as to the other matters in their petition, and this judgment was not to affect the costs of the final decision. It is admitted that plaintiffs have been paid this judgment.

This cause was first tried by a jury who found a verdict for the plaintiff.— There was a new trial granted, and the jury having been waived, there was judgment for defendant, and plaintiffs have appealed.

The consent judgment rendered in this case limits the inquiry into the merits of the cause to the question of title to the slaves named in plaintiff's petition.

The plaintiffs claim as heirs at law of *Harmon Hollomon* deceased, a former owner; while the defendant sets up title in himself, derived from said *Harmon* (his father, and the grandfather of the plaintiffs,) by means of said deed of gift, and it is upon the validity or invalidity of this deed, that the case depends.

This deed is, by the laws of Alabama, a donation of the property in the slaves to defendant, with a reservation of a life estate in the donor; or a gift of the property subject to a loan for use to the grantor, by which fee present passed to the donor at the date of the instrument.

Vide, *Golding* v. *Golding's Administrators*, vol. 24. Alabama Reports, N. S. p. 126.

The character and effect of this deed must be interpreted and governed by the laws of Alabama, and a subsequent removal of the parties to Louisiana, cannot affect anterior and vested rights of property.

This case is very similar to that of *McColl* v. *White*. 10. A. p. 577.

Defendant had a right of property in these slaves, subject to the life estate of the donor previous to the removal of the parties to this State; he is therefore entitled to a judgment in his favor.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed with costs.